NUMBER 13-10-011-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 

 

SEA MIST COUNCIL OF OWNERS, Appellants,

A HOMEOWNERS ASSOCIATION IN

SOUTH PADRE ISLAND, CAMERON

COUNTY, TEXAS AND MICHAEL BOWELL,

RAY L. HUNT, AND NANCY HUNT, 

 

v. 


TOWN OF SOUTH PADRE ISLAND 

BOARD OF ADJUSTMENTS, Appellees.

 


On appeal from the 445th District Court 

of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Benavides, and Vela


Memorandum Opinion by Justice Vela



 Sea Mist Council of Owners, a Homeowners Association in South Padre Island,
Cameron County, Texas and Michael Boswell, Ray L. Hunt, and Nancy Hunt ("Sea Mist"),
appeal a judgment affirming an action taken by the Town of South Padre Island Board of
Adjustments ("Board of Adjustments"), that upheld the Board of Adjustments' decision to
provide a building permit and certificate of occupancy to the Palms, and dismissing Sea
Mist's declaratory judgment action. By two issues, Sea Mist contends that the trial court
erred in upholding the Board of Adjustments' decision and erred in dismissing its
declaratory judgment action. We affirm. 

I. Background

 Sea Mist filed its original petition and application for writ of certiorari on September
13, 2006, complaining of the Board of Adjustments' zoning decision to provide Palms
Investment Group, Ltd. and PRM Management Company ("Palms") a building permit to
remodel a condominium unit that would become an establishment that would sell food and
mixed drinks. Sea Mist also complained that the granting of the permit was in violation of
the town's zoning ordinance that defines the uses of property within zoning District "B." 
Sea Mist claimed that the sale of alcoholic beverages is not allowed in areas zoned as
District "B." 

 Thereafter, Sea Mist filed a motion for summary judgment and declaratory judgment
action. In its motion for summary judgment, Sea Mist argued that a café selling mixed
drinks is a "de facto nightclub as defined by SPI's [South Padre Island's] zoning ordinance"
and should be open only to motel guests and not to the general public. The motion also
asked the trial court to declare that the use of the property is illegal and should be
restricted to an allowable use only. 

 The trial court entered an order denying Sea Mist's summary judgment motion,
dismissing its declaratory judgment action, and affirming the action of the Board of
Adjustments that had been taken on September 5, 2006, which affirmed a staff decision
regarding the certificate for the sale of alcohol and allowed the permit to build the café. 

II. Standard of Review and Authorities

 As a quasi-judicial body, the decisions of a zoning board are subject to appeal
before a state district court upon application for a writ of certiorari. See Tex. Loc. Gov't
Code Ann. § 211.011 (a), (b) (Vernon 2008); City of Dallas v. Vanesko, 189 S.W.3d 769,
771 (Tex. 2006). The district court sits as a reviewing court, and the only question is the
legality of the zoning board's order. Vanesko, 189 S.W.3d at 771. To prove that an order
is illegal, the party attacking the order must present a clear showing of abuse of discretion. 
Id. A zoning board abuses its discretion if it acts without reference to any guiding rules and
principles. Id. A reviewing court may not put itself in the position of the zoning board and
substitute its findings for those of the zoning board. Christopher Columbus St. Mkt. v.
Zoning Bd. of Adjustments of Galveston, 302 S.W.3d 408, 416 (Tex. App.-Houston [14th
Dist.] 2009, no pet.). 

III. Analysis

 In Palms' response to Sea Mist's motion for summary judgment, it urged that the
Board of Adjustments used its discretion and relied, in part, upon the historical
interpretation of the language in the zoning ordinance in reaching its conclusion that a
restaurant that sold alcoholic beverages could operate on the premises. Specifically, the
Palms admitted into evidence and relies upon section 20-7 of the Code of Ordinances that
provided, in part:

 District "B"- Multi-family dwelling, apartment, motel, hotel,
condominium, townhouse district.

 

 (B) Use Regulations: In District "B", no land shall be used and no
buildings shall be erected for or converted to any use other than:

 

 (1) Single family dwellings, . . . hotels, motels, condominiums
and townhouses. Only condominiums, hotels and motels with more than
twelve (12) units may have included within the premises such businesses as
cafes, . . . and other similar businesses if such business is for the
convenience of the occupants of the building and is definitely an integral part
of the services of such hotel, condominium or motel.

[South Padre Island] Code of Ordinances § 20-7(2009).

 The Palms also attached a letter from James Mitchim, a building official with the
town of South Padre Island, to the Board of Adjustments, stating that the phrases "such
businesses as" and "other similar businesses" had historically included "many applications
that have had mixed drink permits." He said that there were several businesses in the "B"
district zone that have or had mixed drink permits, and he permitted such uses at other
businesses, such as the Surf Motel, The Island Inn, and the Upper Deck. 

 The evidence presented by the Palms showed that the ordinance has been
interpreted to authorize a liquor license on premises, including a hotel, motel, or
condominium if it has twelve or more units. Palms introduced evidence that it was no
different than any of the other premises that have historically been used as a bar or
restaurant on property zoned as district "B". There is also nothing in the plain language of
the ordinance that would suggest that the sale of liquor on the premises should be
prohibited.


 Sea Mist also argues that the certificate, allowing Palms to serve alcohol, should be
revoked because it was inappropriate for the city secretary to certify the area in which
alcoholic beverages were to be served as "wet" and not prohibited by charter or ordinance. 
The alcoholic beverage code provides that:

 (a) The county clerk of the county in which an application for a permit is
made shall certify whether the location or address given in the application is
in a wet area and whether the sale of alcoholic beverages for which the
permit is sought is prohibited by any valid order of the commissioners court.


Tex. Alco. Bev. Code Ann. § 11.37 (Vernon 2007). 

 The proceeding at issue here involved only the trial court's review of the decisions
of the Board of Adjustments, and the trial court's review is limited to the legality of the
Board of Adjustments' determination. See Vanesko, 189 S.W.3d at 771. The Board of
Adjustments' decision involved a building permit to create a food and beverage
establishment in an existing motel, and Sea Mist claims there was an "error in a staff
decision concerning the TABC Certificate signed by the Assistant City Secretary to the
Café on the Beach since it is contrary to the Town of South Padre Island's zoning
ordinance." 

 We hold that there were facts upon which the Board of Adjustments could have
made its decision to allow the permit and the sale of alcohol, and that Sea Mist has not
shown that the Board's decision is illegal. The Board of Adjustments had evidence before
it that there were more than twelve units in the Palms and that the zoning requirements
under those circumstances allowed cafes and businesses similar to cafes. It also had
before it a letter from a Town of South Padre Island official who stated that there are
premises zoned as District "B" that have historically been used as bars and restaurants.


 Sea Mist argues that there is a town ordinance that defines a nightclub as "any
business holding a mixed beverage permit from the Texas Alcoholic Beverage
Commission," and that the proper district to place a nightclub is District "C." Thus, Sea
Mist claims that the café could only operate in a part of the town designated as District "C." 
However, we have searched through the record and find nothing to support this claim. Sea
Mist does not include a copy of the ordinance as part of the evidence supporting its
summary judgment motion, nor does it support its claim with documentation in the record
or references in the record to support this claim. We are unpersuaded by mere assertions. 

 Sea Mist also urges that by allowing the café to serve alcoholic beverages, it has
engaged in "spot zoning." It urges that "spot zoning" is not allowed in Texas and argues
that "allowing a night club in zone 'B' residential district creates an unlawful spot zone." 
The term "spot zoning," as defined in Texas law, connotes "an unacceptable amendatory
ordinance that singles out a small tract for treatment that differs from that accorded similar
surrounding land without proof of changes in condition." City of Pharr v. Tippit, 616 S.W.2d
173, 177 (Tex. 1981). It is regarded as preferential treatment that defeats an already
established comprehensive plan. Id. 

 There was no evidence in the record before us, however, that any tract has been
singled out for treatment that differs from similar surrounding property. In fact, as
previously discussed, the evidence showed that, historically, similar businesses zoned
District "B" had been allowed permits to sell alcoholic beverages. The trial court, acting in
a quasi-judicial capacity, did not err in denying Sea Mist's motion for summary judgment
and in upholding the decision of the Board of Adjustments. We overrule issue one.


 By its second issue, Sea Mist complains that the trial court erred in dismissing its
declaratory judgment action. In its pleadings, Sea Mist requested that the trial court
declare whether a café that sells mixed drinks is a nightclub and whether a café located
inside a motel located in District "B" should be open only to motel guests or the public
generally. Sea Mist pleaded that the trial court should answer the above issues
affirmatively and declare that the use of the Palms' property is illegal. Palms urged, by a
motion to dismiss, that the declaratory judgment was merely an attempt to subvert section
211.011 of the local government code, which provided the sole remedy for persons
challenging a board of adjustment proceeding. A declaratory judgment is appropriate when
there is a justiciable controversy about the rights and status of the parties, and a
declaration would resolve the controversy. Bonham State Bank v. Beadle, 907 S.W.2d
465, 467 (Tex. 1995).

 The issues that were presented to the Board of Adjustments, and to the trial court
by writ of certiorari, were the actions of the Board of Adjustments taken on September 5,
2006, namely the Board of Adjustments' decision to allow the building permit to go forward
and to uphold the decision concerning the execution of a TABC form by the city secretary
certifying that alcohol could be sold at the café located in the Palms. The requested
declarations sought in Sea Mist's declaratory judgment act were subsumed and rendered
moot by the Board of Adjustments' ruling. It is clear that the legislature intended appeals
of Board of Adjustments' decisions to be brought through a petition for writ of certiorari. 
Lamar Corporation v. City of Longview, 270 S.W.3d 609, 614 (Tex. App.-Texarkana 2008,
no pet.). Whether a café that sells mixed drinks is a nightclub would make no difference
in light of the Board of Adjustments' decision that alcohol had historically been served at
premises zoned as District "B." That issue was decided by the Board of Adjustments and
was reviewed by the trial court in the writ of certiorari. Additionally, a decision with respect
to whether a café inside a motel should be open only for the motel guests and not the
public was included within the decision made by the Board of Adjustments in interpreting
section 20-7 to allow condominiums, hotels and motels with more than twelve units to have
within the premises such businesses as cafes and other similar businesses that exist for
the convenience of the occupants of the building and is an integral part of the services of
such hotel or condominium. The trial court did not err in dismissing the declaratory
judgment action because the issues were subsumed within the Board of Adjustments'
rulings of September 5, 2006. We overrule issue two.

IV. Conclusion

 The judgment of the trial court is affirmed.



 

 ROSE VELA

 Justice


Delivered and filed the

15th day of July, 2010.